# IN RE: YOLDANDE L.

[No. 1588, September Term, 1980.]

*Decided July 9, 1981.*

The cause was submitted on briefs to GILBERT, C. J., and MACDANIEL and WEANT, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Victoria S. Keating, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Maureen O'Ferrall, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Ilene J. Nathan, Assistant State's Attorney for Baltimore City,* for appellee.

WEANT, J., delivered the opinion of the Court.

The record of the instant case reflects that on 14 July 1980, Yoldande L., the appellant herein, was adjudicated a

delinquent by the Circuit Court for Baltimore City, sitting as a juvenile court. Thereafter, by court order dated 22 July 1980, Yoldande L. was placed on probation under the supervision of the Juvenile Services Administration for a six month period.

Approximately two months later, on 29 September 1980, there was filed in the Circuit Court for Baltimore City a claim for restitution. A hearing on this matter was had before a juvenile master on 13 November 1980 and a judgment of restitution was entered against Yoldande L. in the amount of $96.00. Because an exception to the master's restitution order was thereafter filed, a hearing was had before the circuit court, sitting as a juvenile court, on 5 December 1980. On that date Yoldande L.'s exception was denied.

In bringing the instant appeal, the juvenile in question raises the same issue she raised below, namely: It was error to conclude that the order of restitution was not illegal as untimely or so inordinately late as to deny her due process. For the reasons stated, we agree with the essence of the appellant's contention.

While section 3-829 of the Courts & Judicial Proceedings Article of the Annotated Code of Maryland authorizes a court to order that a juvenile make restitution, it does not specifically provide for a time frame in which this is to be done. Instead, subsection c of that rule states: "A judgment of restitution against a parent may not be entered unless the parent has been afforded a reasonable opportunity to be heard and to present appropriate evidence in his behalf. A hearing under this section may be had as part of an adjudicatory or disposition hearing for the child." For more specific time requirements relative to this matter, we turn to Maryland Rules 915a and 918a. Rule 915a provides that "[i]f after an adjudicatory hearing the court determines that the allegations of the petition at issue in the adjudicatory hearing have been sustained, it shall promptly schedule a separate disposition hearing. The disposition hearing shall be held no later than thirty days after the conclusion of the adjudicatory hearing." Rule 918a provides that

> [i]f, at any stage of a proceeding, the court believes a respondent has committed acts for which his parent or parents may be liable under section 3-829 of the Courts Article, the court shall summon the parent or parents in the manner provided by Rule 104 (Service of Process — Generally) or Rule 116 (Execution of Process by Private Person) to appear at a hearing to determine liability. This hearing may be conducted contemporaneously with either an adjudicatory or disposition hearing, and shall be held not later than thirty days after the disposition hearing.

Admittedly Rule 915a does not, on its face, address the issue of the time by which the matter of restitution must be resolved. On the other hand, Rule 918a clearly concerns itself with this issue, as is evidenced by its provision that "[t]his hearing may be conducted contemporaneously with either an adjudicatory or disposition hearing, and shall be held not later than thirty days after the disposition hearing." Here, however, there is a delimiting phrase, to wit, "this hearing." A reading of the rule in its entirety persuades us that "this hearing" refers only to hearings conducted for the purpose of determining the liability of the juvenile's parent or parents. Hence, there is lacking in the rules, or so it would seem, a time frame relative to disposition of restitution proceedings where only a juvenile is involved. We say "or so it would seem" because we believe that the rules do so provide.

As we indicated earlier, Maryland Rule 915a sets out a time sequence with regard to the disposition hearing. We think this rule and the time limits provided therein control our resolution of this appeal. We are so persuaded after having consulted various lexicons. The first, *The Random House Dictionary of the English Language* 414 (unabr. ed. 1979), gives as one of its definitions of "disposition" the following: "[F]inal settlement of a matter." Further, "disposition" is accorded the following meaning at page 423 of *Black's Law Dictionary* (5th ed. 1979): "In a criminal procedure, the sentencing or other final settlement of a criminal case."

The above-recited definitions convince us that the matter of restitution should be considered and resolved no later than at the juvenile's disposition hearing. To hold otherwise creates an illogical result, *i.e.,* the disposition proceeding is dispossessed of its dispositional nature, in that the final settlement of the matter is no longer final, but only becomes so when and if the matter of restitution is concluded. Rather than strip disposition proceedings of their finality, we think it more pragmatic, and also more equitable, to say that the matter of restitution by the juvenile be resolved before or during the disposition proceeding. This, we conclude, is what is intended by the rules of procedure.

Accordingly, the Circuit Court for Baltimore City erred in denying Yoldande L.'s exception to the juvenile master's Judgment of Restitution.

> *Judgment reversed.*
>
> *Case remanded with instruction to dismiss Judgment of Restitution.*
>
> *Costs are not reallocated as part of the judgment of this court in accordance with Maryland Rule 1082 f.*