686 A.2d 269

**In re Don Mc.**

**No. 134, Sept. Term, 1995.**

Court of Appeals of Maryland.

Dec. 13, 1996.

Gina M. Serra, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Petitioner.

Mary Ann Ince, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Respondent.

Argued before MURPHY, C.J.*, and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

In this case, we must decide whether the juvenile court abused its discretion in ordering Petitioner and his mother to pay restitution to an insurer as compensation for damages Petitioner caused to a stolen vehicle. We shall hold that the court abused its discretion in this case when it awarded restitution without first considering the age and circumstances of the child and in ordering restitution without providing Petitioner's mother a meaningful opportunity to be heard.

On October 25, 1993, the State's Attorney for Baltimore County filed a juvenile petition in the Circuit Court for Baltimore County, sitting as a juvenile court, alleging that Petitioner, Don Mc., committed a delinquent act by performing acts that if committed by an adult would constitute the crime of theft. The parties submitted an agreed statement of facts and on December 17, 1993, at an adjudicatory hearing,[1] the master found that Petitioner had committed the theft of an automobile as alleged in the petition. The master found that Petitioner was delinquent and recommended that he be committed to the custody of the Department of Juvenile Services for placement.

The petition filed in the juvenile court alleging that Petitioner committed a delinquent act arose out of the theft of an automobile belonging to Wayne Komar (Komar). On October 25, 1993, a police officer responded to an automobile accident

---

* MURPHY, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. An adjudicatory hearing is a hearing to determine whether the juvenile committed the delinquent act as alleged in the petition. Md.Code (1974, 1995 Repl.Vol., 1996 Cum.Supp.) § 3–801(b) of the Courts and Judicial Proceedings Article; *In re Herbert B.*, 303 Md. 419, 423–24, 494 A.2d 680, 682 (1985).

that occurred when Petitioner, a fifteen year-old, lost control and damaged the stolen car he was driving. Mr. Komar was reimbursed by his insurance carrier, GEICO, in the amount of $8366.25, the value of the car less the $200.00 deductible.

The master held a disposition hearing[2] in juvenile court on the same day as the adjudicatory hearing. He determined that Petitioner was delinquent and recommended that he be committed to the custody of the Department of Juvenile Services for an appropriate residential placement. Petitioner was represented by the Public Defender; his mother was not represented by counsel. No one disputed that Petitioner's conduct caused the damage to Komar's vehicle. Petitioner and his mother agreed to pay restitution to Komar in the amount of $200.00, the amount of Komar's insurance deductible. Noting that GEICO had paid over $8000.00 to their insured, the master inquired:

MASTER: What about that Mrs. Mc. [Mother]?

[DEFENSE COUNSEL]: Well, your honor, I have—

MASTER: That's $4800.00 to your client and his mother.

[DEFENSE COUNSEL]: I have not been advised by the State that GEICO was seeking that restitution in ...

MASTER: The State never notifies them.

[DEFENSE COUNSEL]: If they wish to be a party, then we would request a restitution hearing to have them be present.

The master set the restitution hearing for January 19, 1994.[3] At that hearing, neither the Petitioner, his mother, nor a

---

**2.** A disposition hearing is a hearing to determine whether the juvenile needs the court's assistance, guidance, treatment or rehabilitation, and if so, the nature of the intervention. Md.Code (1974, 1995 Repl.Vol., 1996 Cum.Supp.) § 3–801(n) of the Courts and Judicial Proceedings Article.

**3.** A restitution hearing may be held as part of an adjudicatory or disposition hearing. Md.Code (1957, 1996 Repl.Vol.) Art. 27, § 808(e) (formerly Md.Code (1974, 1995 Repl.Vol.) § 3–829(e) of the Courts and Judicial Proceedings Article).

GEICO representative was present. The record reflects that due to inclement weather conditions, travel was difficult on that day. In addition, the State's Attorney was uncertain whether he had notified GEICO of the hearing. Nonetheless, he advised the master that he "was going to ... dismiss the action as far as GEICO" was concerned. In response, the master stated:

> MASTER: Okay. Well, how about if I just assess $5000.00 there and let's see where the chips go?
>
> [DEFENSE COUNSEL]: Well, your honor—
>
> MASTER: Yes ma'am?
>
> [DEFENSE COUNSEL]: No one from GEICO is here.
>
> MASTER: I don't really care.

Following counsel's protest that GEICO was not present, the master concluded:

> Then I'll extend the hearing.... I'm not paying more money. I don't think you people understand—.... You see? The parents and the children are going to start paying the insurance carriers at least up to the statutory limit.[4]

The master ordered the State to notify GEICO, and continued the restitution hearing to February 16, 1994.

At the final restitution hearing on February 16, 1994, a GEICO representative appeared and indicated that GEICO

---

Effective October 1, 1996, § 3–829 of the Courts and Judicial Proceedings Article was recodified as Article 27, § 808. The juvenile court proceedings at issue in this case occurred before the statutory provisions governing juvenile restitution were recodified from the Courts and Judicial Proceedings Article to Article 27. In 1996, the General Assembly enacted legislation that recodified all statutes dealing with the victims of crime. 1996 Maryland Laws ch. 585, § 5, at 518. Since the relevant provisions of the restitution statute were not substantively changed in this recodification, we will cite the sections of the Act as they are now codified.

4. At the time of these proceedings, the statutory limit on restitution for acts arising out of a single incident was $5000.00. Md.Code (1974, 1995 Repl.Vol.) § 3–829(c)(i) of the Courts and Judicial Proceedings Article. Effective October 1, 1995, this amount was raised to $10,-000.00. 1995 Maryland Laws ch.8, § 1, at 616 (codified as amended at Maryland Code (1957, 1996 Repl.Vol.) Art. 27, § 808(c)(i)).

had paid $8,366.25 to Komar as a result of the damage caused by Petitioner to Komar's automobile. Petitioner contended that GEICO's restitution claim was not properly before the court because the State's Attorney had dismissed it. The master rejected this argument and stated:

> [I]t just seems to me to be patently unfair that people like [Petitioner] go out and steal these cars and total them, and my insurance rates along with all these other drivers in here are going up because the carrier is paying out all this money.

The master denied the Petitioner's motion to dismiss the restitution proceeding. The following colloquy then took place.

MASTER: How much did you pay out ma'am?

GEICO: $8366.25.

MASTER: Wow. Well, let's see here. $200.00 to the victim. That's Mr. Komar. That would leave $4800.00 that you and your mother owe GEICO.

[PETITIONER]: Yes sir.

The master then addressed Petitioner's mother.

MASTER: What's your position with that ma'am?

[MOTHER]: I cannot afford it.

MASTER: Ma'am, that may be. I'm not saying you've got to pay it out at one time. I'm sure that GEICO would be—

[MOTHER]: I'm on a fixed income.

MASTER: Well, ma'am, that may be, but they're entitled to their money the same as if somebody's broke into your house and stole your property, you'd want the victim—that person to pay you for what you had lost. They're the same thing. They're the victim in this case.

[MOTHER]: I wouldn't charge that much money.

MASTER: Well ma'am, maybe you wouldn't, but the $4800.00 we're talking about is less than they paid out. I mean, they're going to have to, in essence, they can't get any other monies from Juvenile Court (inaudible) a restitu-

tion. Whether they can get that money some other way is really not my problem. That's their problem.

The master concluded that Petitioner and his mother should pay $4,800.00 as restitution to GEICO. Petitioner's exceptions, filed in the circuit court, were overruled.

Petitioner noted a timely appeal to the Court of Special Appeals. The intermediate appellate court affirmed the judgment of the circuit court. *In re Don Mc.*, 106 Md.App. 299, 664 A.2d 439 (1995). We granted certiorari to examine the authority of the juvenile court to order restitution under these circumstances.

Petitioner contends that the master erred by continuing the restitution hearing after the State had dismissed the action against GEICO. Petitioner asserts that because the State's Attorney determines whether to file a petition for restitution, the State, not the court, controls the fate of a restitution claim. Alternatively, Petitioner contends that the juvenile court abused its discretion in ordering restitution without ascertaining Petitioner's ability to pay and by ignoring the remarks by Petitioner's mother regarding her inability to pay. We do not reach Petitioner's first argument because we agree with his second, and we reverse.

The Court of Special Appeals held that the issue of whether the juvenile court erred in awarding restitution without first considering Petitioner's ability to pay, or by ignoring his mother's concerns, was not preserved for review. *In re Don Mc.*, 106 Md.App. at 308, 664 A.2d at 443. We agree that this issue was not raised below. Ordinarily, this Court will not decide an issue unless it has been raised in or decided by the trial court, but this Court may address such an issue if it determines that deciding the issue would be useful to guide the trial court. Maryland Rule 8–131. We shall exercise our discretion in this case and address the issue raised by Petitioner.

The standard of review is whether the master abused his discretion in recommending restitution against Petitioner

and his mother. The term "discretion" means the absence of a hard and fast rule. *Langnes v. Green,* 282 U.S. 531, 544, 51 S.Ct. 243, 248, 75 L.Ed. 520 (1931). Judicial discretion has been defined as follows:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Where the decision or order of the trial court is a matter of discretion it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

*State ex rel. Carroll v. Junker,* 79 Wash.2d 12, 482 P.2d 775, 784 (1971). When a court must exercise discretion, the failure to do so is error. *Maus v. State,* 311 Md. 85, 108, 532 A.2d 1066, 1077–78 (1987).

Maryland law confers upon a juvenile court broad discretion to order restitution. The juvenile court may order restitution against the child, the parent or both. Maryland Code (1957, 1996 Repl.Vol.) Article 27, § 808(a), formerly § 3–829(a) of the Courts and Judicial Proceedings Article, provides, in pertinent part:

> (1) The juvenile court may enter a judgment of restitution against the parent of a child, the child, or both in any case in which the court finds a child has committed a delinquent act and during or as a result of the commission of that delinquent act has:
>
> (i) Stolen, damaged, destroyed, converted, unlawfully obtained, or substantially decreased the value of the property of another . . .

* * * * * *

> (2) The juvenile court may order the parent of a child, a child, or both to make restitution to:
>
> (i) The victim;

(ii) Any governmental entity, including the Criminal Injuries Compensation Board; or

(iii) A third party payor, including an insurer, that has made payment to the victim to compensate the victim for a property loss under paragraph (1)(i) of this subsection....

The Juvenile Causes Act mandates that before a court may order a child to pay restitution, the court must first consider the age and circumstance of the child. Md.Code (1957, 1996 Repl.Vol.) Art. 27, § 808(b); *In re Gloria T.*, 73 Md.App. 28, 35, 532 A.2d 1095, 1098 (1987), *cert. denied*, 311 Md. 718, 537 A.2d 272 (1988). Before the court may order the parent to make restitution, the court must first afford the parent an opportunity to be heard and to present appropriate evidence. Md.Code (1957, 1996 Repl.Vol.) Art. 27, § 808(e); *In re Jose S.*, 304 Md. 396, 402, 499 A.2d 936, 938–39 (1985) (parent must have full and fair opportunity to participate); *In re James B.*, 54 Md.App. 270, 279, 458 A.2d 847, 853 (1983). Maryland Code (1957, 1996 Repl.Vol.) Article 27, §§ 808(b) and 808(e), provide in pertinent part:

(b). *Restitution to wronged person personally.—*
Considering the age and circumstances of a child, the juvenile court may order the child to make restitution to the wronged person personally.

\* \* \* \* \* \*

(e) *Judgment against parent.—*
A judgment of restitution against a parent may not be entered unless the parent has been afforded a reasonable opportunity to be heard and to present appropriate evidence in the parent's behalf. A hearing under this section may be held as part of an adjudicatory or disposition hearing for the child.

■ The plain language of the statute clearly requires that the court must first consider the age and circumstances of the child. The ability of the child to pay is a relevant factor for the court to consider when assessing the circumstances of the child. *Cf.* S. Jacobs & C. Moore, *Successful Restitution as a*

*Predictor of Juvenile Recidivism,* 45 Juv. & Fam.Ct.J. 3 (1994) (because the proportion of restitution paid is an important predictor of recidivism, the offender's ability to pay must be taken into account in ordering restitution).

This interpretation of the statutory language "age and circumstances of a child" is reflected in our discussion of the rehabilitative purpose of restitution in *Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981). Judge Digges, writing for the Court, observed:

> It has been said that "a court's concern that the victim be fully compensated should not overshadow its primary duty to promote the rehabilitation of the defendant." *Commonwealth v. Fuqua,* 267 Pa.Super. 504, 407 A.2d 24, 26 (1979); *see* Best & Birzon, *Conditions of Probation: An Analysis,* 51 Geo.L.J. 809, 827 (1963). Should the court choose to impose restitution, this fundamental objective of promoting rehabilitation comes to the fore and the court in ordering such a condition ordinarily should not exceed the defendant's ability to comply. This is so because if the amount fixed exceeds the defendant's resources, the rehabilitative purpose of the sentence is frustrated. . . . Consequently, most courts which have considered the issue have determined that it is improper for a trial court to order restitution without basing that judgment on a reasoned inquiry into the defendant's ability to pay.

*Id.* at 306, 429 A.2d at 1034.

■ The court clearly abused its discretion in this case when it awarded restitution in the amount of $4800.00. The court did not consider the age or circumstances of the child, or the ability of the child or the child's parent to pay the restitution before ordering the parties to pay $4800.00. The record indicates that the master predetermined that the appropriate award was the statutory maximum, and he arrived at this conclusion without any consideration of the age and circumstances of the child. Furthermore, having predetermined that GEICO should receive the full statutory limit, the master can hardly be said to have given Petitioner's mother a

meaningful opportunity to be heard and to present appropriate evidence on her behalf. Before a court may impose restitution on a child or the child's parent, the court must comply with the statutory requirements. The failure to do so is an abuse of discretion and constitutes reversible error.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. REMANDED TO CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY BALTIMORE COUNTY.*