56 A.3d 553

**In re EARL F.**

**No. 2434, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

Nov. 27, 2012.

Geraldine K. Sweeney (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for appellant.

Susannah E. Prucka (Douglas F. Gansler, Atty. Gen., on the brief) Baltimore, MD, for appellee.

Panel: MEREDITH, WOODWARD, and J. FREDERICK SHARER (Retired, Specially Assigned) JJ.

J. FREDERICK SHARER (Retired, Specially Assigned) J.

Appellant, Earl F., appeals from a restitution order of the Circuit Court for Cecil County, sitting as a juvenile court, entered after he was adjudicated a delinquent child, having been found to be involved in a robbery, theft, and assault. The restitution order was entered against Earl F. and his mother, and reduced to judgment.

On August 31, 2010, the State's Attorney for Cecil County filed a juvenile petition alleging that Earl F. was a delinquent

child involved in the commission of robbery, second-degree assault and theft of property in the amount less than $100. These acts, if committed by an adult, would have constituted criminal offenses. Following a contested hearing, the circuit court adjudged him delinquent with respect to all counts.

The juvenile court conducted a disposition hearing on October 27, 2010, and ordered appellant committed to the Department of Juvenile Services for appropriate placement, with initial placement at his home under conditions of probation. Following a separate restitution hearing on December 8, 2010, the juvenile court ordered restitution in the amount of $600.00.

In his timely appeal, appellant challenges only the court's restitution order, and asks this Court to overturn that order, claiming that the amount of restitution must be limited to the amount of loss alleged in the juvenile petition, *viz.,* $10.[1]

Because we find neither error nor an abuse of discretion, we shall affirm.

## BACKGROUND

Because appellant does not challenge the adjudication, we summarize the facts for context.

On August 17, 2010, Bipien Patel, who operates a produce stand on Main and Howard Streets in Elkton, Cecil County, was the victim of a strong-arm robbery. Patel, testifying through an interpreter at the adjudication hearing, recalled that at about 7:30 p.m. he was approached by two young men, one of whom he recognized as appellant.

---

1. The juvenile petition specifically alleged:
    That Earl F[.], on or about August 17, 2010, in Cecil County, Maryland, did unlawfully and feloniously rob Bipien Patel of one (1) wallet, brown in color and ten dollars ($10) in U.S. Currency. [Count One]

    \* \* \*

    That Earl F[.], on or about August 17, 2010, in Cecil County, Maryland, did steal one wallet, brown in color and ten dollars ($10) in U.S. Currency, property of Bipien Patel having a value less than $100.00.

One of the boys placed his arms around Patel's neck, holding him fast, while the other removed his wallet and cash from the victim's pocket. Both boys then fled and Patel summoned the police. Appellant was arrested two days later and identified by Patel as the boy who held him around the neck during the robbery.

Regarding the amount of money taken from him, Patel testified that he had both "pay money" and money for the owner of the produce stand. He estimated that between $300 and $500 was taken from him. Referring to a notebook in which he recorded his pay and receipts, Patel said that his pay for the week was about $500.

A disposition hearing was conducted on October 27, 2010. During allocution, the prosecutor brought up the issue of Patel's financial loss:

[PROSECUTOR]: Mr. Patel indicated that he had just gotten paid. He was paid $50.00 a day for his work and he had ten days worth of pay in his pocket which would be $500.00. He also indicated that he was manning the produce stand, that he had sold $400.00 worth of produce that day so one pocket had $500.00 and one pocket had $400.00. It was $900.00 so he's asking for restitution in the amount of $900.00. Um, strictly speaking the produce money probably belonged to the guy that owns all the produce but that guy collected his money from Mr. Patel rather than waiting around for Mr. F. to pay it off so Mr. Patel is out both sums of money.

After defense counsel pointed out that the charging document recited a loss of only $10, the juvenile court directed the parties to schedule a separate restitution hearing.

At the restitution hearing, on December 8, 2010, Patel described how he would receive approximately $100 from the owner of the produce stand as money for change upon opening for business each day. The owner would come by twice a day, first at 1:30 in the afternoon and then at 7:00 in the evening, to collect the receipts. He would pay Patel $50 per day.

Patel testified that, at the time of the robbery, he had with him $500 of his own money, which amount reflected ten days' pay. He explained that he did not have a bank account, and thought it was safer to keep this money on his person. He explained that he had $500 of his pay, testifying that "I keep it. I do not spend it."

The juvenile court rejected appellant's argument that restitution should be limited to the amount noted on the face of the charges. The transcript reflects the argument and the court's rationale:

[DEFENSE COUNSEL]: Your Honor, other than the fact, I believe we're as far as the actual, and Your Honor under robbery it also says "unlawfully and feloniously robbed by Bipien Patel of one wallet, brown in color and $10.00 in U.S. Currency." It doesn't say that just under the theft less than $100.00 charge, Your Honor. I say that we're bound by . . . what he was actually found guilty of.

THE COURT: [State]?

[PROSECUTOR]: I mean we charge it that way because that's what was in the police report but upon discussion with Mr. Patel, Mr. Patel indicates something else. You heard him.

THE COURT: Yeah.

[PROSECUTOR]: You heard him tell what he thinks he had . . . was there a mis-communication with the police officer? Darned if I know.

THE COURT: All right, well plus we're in Juvenile Court. We're talking about delinquency. He's been found guilty of a criminal act. He's been found delinquent for a delinquent act and I think the picture changes somewhat in Juvenile Court in that regard and that the Court can use it's discretion based on proof as to what the amount of restitution should be.

Over defense counsel's objection, the juvenile court ordered restitution in the amount of $600.00, and ordered that amount reduced to judgment.

We review the juvenile court's restitution for an abuse of discretion. *In re Delric H.*, 150 Md.App. 234, 240, 819 A.2d 1117 (2003). The juvenile court's legal determination is subject to *de novo* review, because we must ascertain whether the amount is permitted by law. *See generally Walczak v. State*, 302 Md. 422, 425–27, 488 A.2d 949 (1985).[2]

## DISCUSSION

Appellant challenges the juvenile court's restitution finding, asserting that the juvenile court exceeded its authority to order "restitution for a crime of which he was not convicted." He emphasizes that the petition alleged only that he "stole a wallet and $10 in cash," and that that assertion established the limits of his liability. Appellant further maintains that a restitution order that exceeds the amounts set forth in the juvenile petition constitutes a denial of due process, because he "and his mother could have reasonably assumed that their liability was limited to what was alleged in the juvenile petition." [3]

■■■ We start with truism that "[j]uvenile proceedings have a special character; they are civil in nature, rather than being criminal proceedings." *In re John M.*, 129 Md.App. 165, 174, 741 A.2d 503 (1999) (citation and internal quotation marks omitted). The Juvenile Causes subtitle of the Courts

---

**2.** The United States Court of Appeals for the Sixth Circuit has recently outlined the intersecting standards of review of restitution orders:

We review de novo the question whether restitution is permitted under the law. If it is determined that restitution is permissible, then the amount of restitution is reviewed under the abuse-of-discretion standard. The government bears the burden of proving the amount of the victim's loss by a preponderance of the evidence.

*United States v. Evers*, 669 F.3d 645, 654 (6th Cir.2012) (citations omitted).

**3.** Appellant does not contest the fact that the juvenile court did not inquire into appellant's, or his mother's, ability to pay restitution of $600. This issue would have been waived in any event because appellant's challenge before the juvenile court of its restitution determination was confined to the amount. *See Brecker v. State*, 304 Md. 36, 39–41, 497 A.2d 479 (1985).

Article is set forth in Md.Code (1974, 2006 Repl.Vol., 2009 Supp.), §§ 3–8A–01–3–8A–34 of the Courts & Judicial Proceedings Article ("CJ"). Section 3–8A–28 of the Courts Article provides that "[t]he court may enter a judgment of restitution against the parent of a child, the child, or both as provided under Title 11, Subtitle 6 of the Criminal Procedure Article." [4] It is long established that in Maryland, "juvenile courts have broad discretion to order restitution, either against the juvenile himself, a parent, or both." *In re Delric H.*, 150 Md.App. 234, 249, 819 A.2d 1117 (2003) (citations and internal quotation marks omitted). Judge Kenney further observed in *In re John M.*:

> Restitution serves several objectives. It can compensate victims who have been injured or who have suffered property loss as a result of the wrongful acts of a minor, although "a court's concern that the victim be fully compensated should not overshadow its primary duty to promote the rehabilitation of the defendant." *In re Don Mc.*, 344 Md. [194,] 203 [686 A.2d 269 (1996) ] (citation omitted). Restitution "can 'impress upon [the juvenile] the gravity of harm he has inflicted upon another', and 'provide an opportunity for him to make amends.'" *In re Levon A.*, 124 Md.App. 103, 132, 720 A.2d 1232 (1998) (quoting *In re Herbert B.*, 303 Md. 419, 427, 494 A.2d 680 (1985)). The restitution statute "is also penal in nature since liability arises 'as a consequence of a presumed neglect of parental responsibilities.'" *In re Zephrin D.*, 69 Md.App. 755, 761, 519 A.2d 806 (1987) (citation omitted).

*In re John M.*, 129 Md.App. at 174, 741 A.2d 503.

Maryland Code, Criminal Procedure § 11–603, governs the determination of restitution, and provides in relevant part:

### § 11–603. Restitution determination.

(a) A court may enter a judgment of restitution that orders a defendant or child respondent to make restitution in

---

4. As noted, the restitution provisions of the Criminal Procedure Article are set forth in Md.Code (2001, 2008 Repl.Vol.), §§ 11–601–11–619 of the Criminal Procedure Article ("Crim. Pro.").

addition to any other penalty for the commission of a crime or delinquent act, if:

(1) as a direct result of the crime or delinquent act, property of the victim was stolen, damaged, destroyed, converted, or unlawfully obtained, or its value substantially decreased;

(2) as a direct result of the crime or delinquent act, the victim suffered:

\* \* \*

(ii) direct out-of-pocket loss;

(iii) loss of earnings; or

\* \* \*

(b) A victim is presumed to have a right to restitution under subsection (a) of this section if:

(1) the victim or the State requests restitution; and

(2) the court is presented with competent evidence of any item listed in subsection (a) of this section.

## Amount of the Restitution

Appellant asserts that the juvenile court contravened the rule of *Walczak v. State* by directing the payment of restitution for a crime for which he was not convicted. Walczak had been implicated in a number of offenses relating to two separate victims, but went to trial on one count only. *Walczak*, 302 Md. at 424, 488 A.2d 949. Upon his conviction, the sentence included probation, a condition of which was that he pay restitution to the victim of the crime for which he was convicted, and also to the victim of his other charged, but unadjudicated, crimes. The Court of Appeals held that an order of probation that conditioned Walczak's probation on the payment of an amount to the victim of a crime for which he was not convicted constituted an illegal sentence. Thus, the trial court's restitution order that allowed for restitution for the second victim was stricken.[5]

---

**5.** Interestingly, the Court's opinion in *Walczak v. State,* 302 Md. 422, 488 A.2d 949 (1985) anticipated the Supreme Court's similar holding in

We believe appellant's reliance on *Walczak* to be misplaced. *Walczak* dealt only with the precise question of whether a convicted defendant could be required to pay restitution to a victim in a separately charged offense, for which offense Walczak was not convicted. There is nothing in the Court's opinion to suggest that the amount of restitution, *vis a vis* the charging document, was of concern. Here, in contrast, appellant was found to have been involved in the commission of two offenses—robbery and theft of property of a value less than $100. The order of restitution relates to both offenses of which appellant was charged and found to be involved. Hence, in our view, *Walczak* does not control the outcome.

■ The issue before us differs from *Walczak.* We do not agree that appellant was ordered to pay restitution for crimes for which he was not convicted. The issue is whether appellant may face restitution for an amount that exceeds the amount alleged in the delinquency petition. We hold that the juvenile court did not abuse its discretion in ordering restitution that was based on the victim's loss, and not limited to the sum alleged in the delinquency petition.

Neither party has cited to a Maryland case that reaches this specific issue, nor has our research revealed one. Notwithstanding, we first agree with the State that limiting the amount of restitution to the face value of a charging document ignores the prudential societal underlay for restitution. These principles were elaborated in *Grey v. Allstate Insurance Company,* 363 Md. 445, 450–61, 769 A.2d 891 (2001), and in the passage from *In re John M.,* 129 Md.App. at 174, 741 A.2d 503, that we have earlier set forth.

■ Further, Crim. Pro. § 11–603 authorizes the court to "enter a judgment of restitution ... if: (1) as a direct result of

---

*Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). We note that, in *Lee v. State,* 307 Md. 74, 82, 512 A.2d 372 (1986), the Court ruled that a defendant may, as part of a plea agreement, lawfully be ordered to pay restitution in an amount greater than the loss resulting from the crime of conviction. The restitution order in the case before us comes after an adjudication, and not a plea.

the ... delinquent act, property of the victim was stolen[.]"
We conclude that, as long as the loss is attributable to the
adjudicated offense, the State has proffered evidence to sus-
tain that finding, and the juvenile respondent has sufficient
notice of the claim, the amount of restitution is limited only by
the State's proof of loss attributed to the offense or conduct in
which the juvenile was adjudged to be involved.

## Due Process

Appellant further asserts that the admission of evidence as
to an amount of claimed restitution greater than the amount
set forth in the delinquency petition constituted a denial of due
process, for want of sufficient notice to him and his mother.

On this record, we discern no violation of his due
process rights. Appellant and his mother were alerted to the
fact that the State would attempt to prove an amount of loss
greater than the ten dollars cited in the delinquency petition.
An amount of loss greater than ten dollars was made clear
from Patel's testimony at the adjudicatory hearing. The
greater amount was also made clear at the subsequent disposi-
tion hearing. In fact, a separate restitution hearing was
conducted of the claim of a greater amount, and appellant's
objection. Finally, at the restitution hearing, the amount
claimed was made clear. The victim was cross-examined by
defense counsel, and his testimony was clearly sufficient to
sustain the juvenile court's findings as to the amount of his
loss.[6]

---

6. We are mindful of federal authority that is contrary to our holding
today. *See United States v. Levy*, 992 F.2d 1081, 1085 (10th Cir.1993)
(trial court exceeded authority in ordering restitution in excess of
amount charged in embezzlement counts to which Levy pled guilty);
*People v. Exum*, 307 Ill.App.3d 1000, 241 Ill.Dec. 481, 719 N.E.2d 342,
345 (1999) (restitution order exceeding amount appearing in charge is
erroneous). *But see Campbell v. State*, 5 S.W.3d 693, 699 (Tex.Crim.
App.1999), where the Texas Court of Criminal Appeals stated:

Usually the amount charged in the indictment will indicate the
limits of the restitution amount, but only because the amount charged
in the indictment normally would reflect the loss of the victim. Only
when the State chooses to charge a lesser property value than the

280

JUDGMENT OF THE CIRCUIT COURT FOR CECIL COUNTY, SITTING AS A JUVENILE COURT, AFFIRMED; COSTS ASSESSED TO APPELLANT.

actual loss of the victim, or when the judge determines from the record that the actual loss of the victim exceeds the property-value range of which the jury convicts the defendant, could the amount of restitution exceed the amount charged in the theft indictment.