REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2590

September Term, 2015

_____

IN RE:  A.B.

_____

Meredith,
Leahy,
Albright, Anne K.
        (Specially Assigned),

                        JJ.
_____

Opinion by Albright, J.

_____

Filed:  October 28, 2016

Appellant, A.B., appeals from the restitution order of the Circuit Court for Charles County, sitting as a juvenile court, entered after Appellant admitted involvement in a second-degree assault that left the victim with a broken nose and jaw. Appellant presents one question for our review:

> Whether the trial court erred by failing to make any inquiry into Appellant's ability to pay the amount of restitution ordered?

Finding no error, we shall affirm the judgment of the circuit court.

## FACTUAL BACKGROUND

On October 5, 2015, the State filed a ten-count juvenile petition alleging Appellant's involvement, along with two co-respondents, in the July 24, 2015, assault of Justin M., then 20 years old, at the St. Charles Towne Center. On November 12, 2015, pursuant to a plea agreement, Appellant admitted involvement in one count of second-degree assault. Prior to Appellant's plea, the State indicated that it would be seeking restitution from Appellant and two co-respondents.

As a factual basis for Appellant's plea, the parties agreed that Appellant and two co-respondents "began to punch [Justin M.] repeatedly in a way that broke [Justin M.'s] jaw and broke his nose. [Justin M.] was taken to George Washington Hospital, in D.C., and his jaw was wired shut, and there were many other health complications." As part of its temporary disposition, the court scheduled a restitution hearing for December 17, 2015.

At the restitution hearing, the State sought $19,470 in restitution for Justin M.'s medical expenses and lost wages, with this amount to be divided among the three

respondents.  After receiving evidence regarding the particulars of this sum, the court received testimony and argument from Appellant regarding his ability to pay. Disposition was then scheduled for December 30, 2015.

On December 30, 2015, the court held a disposition hearing.  After reviewing the Social History Investigation and Recommendation (including an accompanying Psychological Evaluation by Dr. Keith Hannan, Ph.D.) from the Department of Juvenile Services, then confirming that neither side had any corrections to it, and then hearing from the parties, the court placed Appellant on a period of indefinite probation and ordered, among other things, that he pay $6,491.33 in restitution to Justin M. through the Department of Juvenile Services.  No specific time limit or payment schedule was specified.

This timely appeal followed.

## STANDARD OF REVIEW

Several standards govern our review of a juvenile court restitution order.   Legal conclusions invite *de novo* review.  First-level findings of fact are reviewed for clear error.  And the decision to require restitution, as well as the amount, are reviewed for abuse of discretion. *See In re Don Mc.*, 344 Md. 194, 201(1996); *In re Earl F.*, 208 Md. App. 269, 275, 275 n.2 (2012); *In re Delric H.*, 150 Md. App. 234, 240 (2003). Appellant concedes, correctly, that the proper standard of review here is abuse of discretion.

## DISCUSSION

Appellant contends that the trial court erred by failing to make any inquiry into Appellant's ability to pay the amount of restitution ordered.  The State counters that

2

Respondent did not preserve this argument and, in the alternative, that given the evidence that was presented about Appellant's ability to pay, the court's restitution order did not amount to an abuse of discretion. We will take up these arguments together.

Maryland's restitution statute, Maryland Code (2001, 2016 Repl. Vol.), § 11-603 of the Criminal Procedure Article, governs the payment of restitution in adult criminal and juvenile delinquent cases. In pertinent part, it provides:

(a) *Conditions for judgment of restitution* - A court may enter a judgment of restitution that orders a defendant or child respondent to make restitution in addition to any other penalty for the commission of a crime or delinquent act, if:

(1) as a direct result of the crime or delinquent act, property of the victim was stolen, damaged, destroyed, converted, or unlawfully obtained, or its value was substantially decreased;

(2) as a direct result of the crime or delinquent act, the victim suffered:

(i)     actual medical, dental, hospital, counseling, funeral, or burial expenses or losses;
(ii)    direct out-of-pocket loss;
(iii)   loss of earnings; or
(iv)    expenses incurred with rehabilitation;

(3) the victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental unit;

(4) a governmental unit incurred expenses in removing, towing, transporting, preserving, storing, selling, or destroying an abandoned vehicle as defined in § 25-201 of the Transportation Article;

(5) the Criminal Injuries Compensation Board paid benefits to a victim; or

(6) the Department of Health and Mental Hygiene or other governmental unit paid expenses incurred under Subtitle 1, Part II of this title.

(b) *Right of victims to restitution* - A victim is presumed to have a right to restitution under subsection (a) of this section if:

3

> (1) the victim or the State requests restitution; and
>
> (2) the court is presented with competent evidence of any item listed in subsection (a) of this section.

§ 11-603; *see also* Md. Code (1996, 2016 Repl. Vol.) § 3-8A-28 of the Cts. & Jud. Proc. Article ("[t]he court may enter a judgment of restitution against the parent of a child, the child, or both as provided under Title 11, Subtitle 6 of the Criminal Procedure Article.").

In ordering restitution, however, ". . . 'a [juvenile] court's concern that the victim be fully compensated should not overshadow its primary duty to promote the rehabilitation of the defendant.'" *In re Earl F.*, 208 Md. App. 269, 276 (2012) (quoting *In re Don Mc.*, 344 Md. 194, 203 (1996)). Thus, where a juvenile respondent does not have the ability to pay restitution, or there are extenuating circumstances that make payment of restitution inappropriate, the juvenile court "need not" issue a judgment of restitution. *See* Md. Code (2001, 2016 Repl. Vol.), § 11-605(a) of the Crim. Proc. Article. If the court refuses to order restitution, "it shall state on the record the reasons." *See id.* at § 11-605(c).[1]

Here, the trial court did not itself ask Appellant about his ability (or inability) to pay restitution. But it did receive ample evidence on this topic. Thus, via answers to his attorney's questions, Appellant told the court his address, that he was 15 years old, that he attended St. Charles High School, that he was not currently working, that he had never been employed, that he owned no property or bank accounts, and had no money. Through answers to the State's questions on cross examination, Appellant added that he

---

[1] By comparison, the statute requires no such findings when the trial court orders restitution.

lived with his aunt, grandmother, and little brother, that his aunt works, that his grandmother does not, that his aunt and grandmother pay his bills (including electricity) and for his food, and provide a roof over his head, and that they take care of him.

From the Social History and Investigation and Recommendation, the court learned that Appellant is in ninth grade and that his age, 15, "makes it difficult for him to find employment." It also learned that Appellant has a supportive family and that he "is very helpful around the home and completes his chores . . . ." It learned that Appellant spends his free time playing video games, visiting with friends, and shopping. It also learned that the gross family income of Appellant's family is between $35,000 and $49,999, and that the family receives $347 in food stamps. From Dr. Hannan, the court learned, among other things, that Appellant has a reading disorder and earned grades ranging from A to D. Nonetheless, Dr. Hannan observed that "[e]mployment is an age-appropriate experience, which challenges teens and teaches them valuable life lessons. In addition to this, it would help improve [Appellant's] self-esteem and provide him an income."

That the trial court did not itself conduct the inquiry that elicited this evidence is of no consequence. Maryland Code (2001, 2016 Repl. Vol.), § 11-605 of the Criminal Procedure Article does not mandate that the trial court itself elicit the evidence it considers in determining whether to order restitution. The cases Appellant cites carry no such requirement either.[2] Thus, with this conclusion in hand, we need not decide whether the assertion of error that prompted it was preserved.

---

[2] In *Coles v. State*, 290 Md. 296 (1981), for example, the Court had no occasion even to examine the particulars of the restitution order because that issue was not properly before

What we will examine, however, is whether Appellant properly preserved his claim that the trial court failed to consider the evidence about his ability to pay. One wishing to challenge a court's restitution order based on inability to pay must lodge an appropriate objection in the trial court. *See Brecker v. State*, 304 Md. 36, 39-42 (1985). Indeed, Maryland Rule 8-131(a) provides, in pertinent part, "[o]rdinarily, the appellate court will not decide any . . . issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal."

No technical form of objection is necessary. Maryland Rule 4-323(c) reminds that "[f]or purposes of review by the trial court or on appeal of any [non-evidentiary] ruling or order, it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court. . . ."

The purpose of these rules is plain. They allow the trial court to resolve as many issues as possible so as to avoid unnecessary appeals. *Hall v. State*, 119 Md. App. 377, 389-90 (1998).

---

the Court. *Id*. at 307. The Court explained, "[t]his Court, however, is not called upon here to decide whether or to what extent the trial judge should have examined the (continued) finances of Coles prior to imposing the restitutionary sentence." In *In Re Don Mc.,* 344 Md. 194 (1996), while the Court concluded that a child's ability to pay is a "relevant factor" when deciding whether to order restitution, it said nothing about who was to elicit the evidence of the child's ability to pay. *Id*. at 202-03. In *In Re Levon A.*, 124 Md. App. 103 (1998), the Court reiterated the importance of ability to pay in ordering restitution but did not require that the trial court be the one to elicit evidence regarding same. *Id*. at 145-47.

In the instant case, to be sure, Appellant never said, either himself or through counsel, that "he had no ability to pay restitution." Nonetheless, he did voice concern about the amount of restitution to be ordered vis-à-vis his income and his age. Specifically, Appellant's counsel argued:

> And in terms of what is best for this client in terms of rehabilitation, I mean, I'm sure you're saying to yourself, well, she[3] should definitely pay something if, you know, so he understands the consequences of his actions. He testified, I mean, he's a juvenile. *He doesn't have any sort of income. And, the question is, I mean, it's . . . at some point does having a very large restitution judgment start to frustrate . . . .*
>
> ****
>
> I don't have a number that would be appropriate exactly. I think . . . I mean, when I was that age I could barely even contemplate even, you know, *having ten thousand dollars in my entire life, let alone, you know at fifteen and going on into your late teens. But, I think, you know, when you were making your determination, that is something you need to take in mind. . . .*

(Emphasis added.) With these arguments, Appellant plainly asked the trial court to consider Appellant's lack of income, his age, and the size of the restitution amount sought, all of which, taken together, amount to Appellant's ability to pay. While Appellant may not have used these exact words, his arguments were certainly sufficient to alert the trial court to, and thus preserve, the issue.

With regard to whether the trial court properly considered Appellant's ability to pay, the record below shows that the trial court was well aware of the applicable legal standards. Thus, during the December 17, 2015, restitution hearing, the trial court read from *Robey v. State,* 397 Md. 449, 459 (2007), wherein the Court reiterated the

---

[3] We assume this is a transcription error in that Appellant is male.

7

rehabilitative role of restitution in the juvenile justice system. Prior to imposing its December 30, 2015 disposition, the trial court reiterated:

> [Respondent's Counsel] is correct in that the purpose I'm told, the law says for these proceeds is to figure out a way to rehabilitate [the Respondent]. It's not to figure out a way, primarily, to unfortunately, make [Justin M.] feel better, or for people to say that'll teach him a lesson, or, you know, that's what you get.

Finally, in light of the evidence regarding Appellant's ability to pay, we cannot conclude that the restitution award was so "well removed from any center mark imagined by the reviewing court and beyond the fringe of what the court deems minimally acceptable" as to be an abuse of discretion. *See North v. North,* 102 Md. App. 1, 14 (1994). Appellant, a 15-year-old ninth grader, had five and a half years to fulfill the restitution obligation. *See* Md. Code (1974, 2016 Repl. Vol.), § 3-8A-07(a) of the Cts. & Jud. Proc. Article (jurisdiction of juvenile court is until the respondent turns 21 years of age unless terminated sooner). Based on the record as a whole, as discussed above, the trial court was well within its discretion in ordering that Appellant pay one-third of Justin M.'s losses.

**RESTITUTION ORDER OF THE CIRCUIT COURT FOR CHARLES COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**