RALPH GAYLORD STANLEY *v.* STATE OF
MARYLAND

[No. 112, September Term, 1979.]

*Decided October 17, 1979.*

The cause was argued before MORTON, MELVIN and LISS,
JJ.

*Martha V. Weisheit, Assistant Public Defender,* with whom
was *Alan H. Murrell, Public Defender,* on the brief, for
appellant.

*Deborah K. Handel, Assistant Attorney General,* with
whom were *Stephen H. Sachs, Attorney General, William A.
Swisher, State's Attorney for Baltimore City,* and *Gary
Graham, Assistant State's Attorney for Baltimore City,* on
the brief, for appellee.

LISS, J., delivered the opinion of the Court.

Ralph Gaylord Stanley, appellant, was found guilty of burglary by a jury in the Criminal Court of Baltimore on January 19, 1979, and was sentenced to a ten year term by Judge J. Harold Grady.

Evidence adduced at trial indicated: that the dwelling of a Baltimore City resident was burglarized while the victim was at home; that the victim investigated a noise on the upper floor of his house and discovered two lamps missing which he subsequently found on his front lawn; that he found his television had been removed from one room and placed in another; that the victim retrieved the lamps and as he was doing so noticed the appellant coming down the stairs which led from the upper floor of his house; and that he apprehended the appellant and subdued him until the police arrived.

Appellant raises two issues to be decided by this appeal:

1. Whether in the absence of a request for such an instruction the failure of the trial judge *sua sponte* to instruct the jury of the standard of proof required to convict the accused of the crime charged amounted to a denial of due process?
2. Whether the evidence was sufficient to sustain the appellant's conviction for burglary?

We shall consider the second of these issues initially and dispose of it summarily. From our reading of the record, we are convinced that by applying the test required to be used in determining the legal sufficiency of the evidence necessary to sustain a conviction, the trial judge was eminently correct in submitting the case to the jury. The test for sufficiency of evidence has been stated to be "whether the evidence either shows directly, or supports a rational inference of, the facts to be proved, from which the trier of fact could fairly be convinced beyond a reasonable doubt, of the defendant's guilt of the offense charged." *Metz v. State,* 9 Md. App. 15, 20, 262 A.2d 331 (1970). *See Williams v. State,* 5 Md. App. 450, 247 A.2d 731 (1968). It is not our duty to inquire into and weigh the evidence in order to ascertain whether the State has proved its case beyond a reasonable doubt, but rather it is our

task to determine only if there was relevant evidence adduced at the trial which would sustain a conviction. *Atkins v. State,* 40 Md. App. 461, 391 A.2d 868 (1978); *Spease v. State,* 21 Md. App. 269, 319 A.2d 560 (1974), *aff'd,* 275 Md. 88, 338 A.2d 284 (1975).

The record clearly shows that the appellant stated that he unlatched the door of the premises entered by him, and the State's evidence indicates that the screen door was torn or cut to gain entry. Appellant was apprehended as he descended the second floor stairs of the dwelling that was the site of the burglary. There was also evidence that two valuable lamps had been removed from the house and a television set had been taken from one room and placed in another. There was sufficient evidence to show directly or to support a rational inference that the appellant had broken into and entered at night the dwelling of the prosecuting witness with the necessary intent to commit the felony of larceny over $100. *See Brooks v. State,* 277 Md. 155, 353 A.2d 217 (1976); *Sample v. State,* 33 Md. App. 398, 365 A.2d 773 (1976).

The remaining issue raised in this case, so far as we have been able to determine, is one of first impression. The issue arose in a somewhat unusual manner. At the conclusion of the evidence, the trial judge called counsel to the bench and stated: "This is a perfect case not to instruct the jury, it seems to me. It's so obvious. Do you have any requests for instructions?" Neither counsel requested the court to give any instructions to the jury, and counsel argued to the jury without the benefit of advisory instructions. Defense counsel during argument did make the following observation to the jury on the question of burden of proof. He said:

> Just a little background, and as you are all aware, I'm sure, but I will state again that the defendant is presumed innocent until proven guilty and that presumption attends him throughout the entire trial. And now we are at the point where you have to give it your determination as to find him guilty or innocent. And in order to find him guilty, you must find beyond a reasonable doubt and to a moral

certainty that the defendant is guilty of the two
matters that are being submitted to you. . .

Appellant contends that in every criminal case tried before
a jury, whether instructions are requested by counsel or not,
that a failure of the court to instruct the jury on the burden
of proof imposed on the State to prove all elements of the
charges against the defendant beyond a reasonable doubt and
to a moral certainty amounts to constitutional error which
mandates the reversal of the conviction.

Historically, the Court of Appeals held for many years that
the giving of instructions to a jury in a criminal case was a
discretionary matter resting with the trial judge (even where
instructions were requested by counsel), and that the
discretionary ruling on the giving of instructions would not
be reviewed on appeal. In the case of *Broll v. State,* 45 Md.
356, 359-60, (1876), the Court of Appeals stated its rationale
for that holding:

> The appellant after the close of the evidence, asked
> the court to instruct the jury that if they should find
> that the appellant was not the owner of the pungy,
> "James Bulack," at the time named in the
> indictment, then he was not answerable, and should
> not be convicted on the fifth and sixth counts of the
> indictment. The other counts had been abandoned by·
> the State. The Circuit Court refused to grant the
> instruction, giving in writing as its reason therefor,
> that "the jury being by the Constitution, judges of
> the law of criminal cases tried by them, the court
> declines to instruct them in this case." The
> Constitution of 1867, Art. 15, sec. 5, provides, that
> "in the trial of all criminal cases, the jury shall be
> the judges of law as well as of fact. The jury then
> being judges of law as well as of fact in criminal
> cases, would not be bound by any instructions given
> by the court, but would be at perfect liberty to
> utterly disregard them and find a *verdict in direct
> opposition to them. No court in this State can be
> *required* by the counsel or jury, to give instructions

either upon the law or the legal effect of the evidence given at the trial. This seems to have been the opinion of this court, held in *Franklin v. State,* 12 Md. 246, 249. The court *may* in its discretion, advise the jury as to the law and legal effect of the evidence, but is,not bound to do so, and being a matter entirely within its discretion, its refusal to do so cannot be reviewed by this court, even if this case is now properly before us upon this appeal, . . . .

In the later cases of *Swann v. State,* 64 Md. 423, 1 A. 872 (1885), and *Esterline v. State,* 105 Md. 629, 66 A. 269 (1907), the Court of Appeals followed the holding in the *Broll* case.

By rule, as well as by decision, it is now the law of Maryland that "when requested to do so, it is incumbent upon the trial judge in a criminal case to give an advisory instruction on every point of law essential to the crime charged if supported by evidence." *See England v. State,* 274 Md. 264, 275, 334 A.2d 98 (1975). However, advisory instructions are required "only where a request for such instructions is made." [1] *Couser v. State,* 36 Md. App. 485, 499, 374 A. 2d 399 (1977). In the present case, appellant made no such request for instructions, but he asseverates that such a request was unnecessary as the trial judge in every criminal case is constitutionally required to instruct the jury as to the "beyond a reasonable doubt" standard of proof and is duty bound to instruct the trier of fact and law with regard to the presumption of innocence.

Of fundamental importance to our system of criminal justice is the basic tenet that an individual is deemed to be innocent until proven guilty. The Supreme Court observed in *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), that the "presumption of innocence,

---

1. Md. Rule 757b reads as follows: The court may, and at the request of any party shall, give those advisory instructions to the jury as correctly state the applicable law. The court may give its instructions orally or, with the consent of the parties, in writing. The court need not grant any requested instruction if the matter is fairly covered by the instructions actually given. In every case in which instructions are given to the jury the court shall instruct the jury that they are the judges of the law and that the court's instructions are advisory only.

although not articulated in the Constitution, is a basic component of a fair trial . . . ." In *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires proof beyond a reasonable doubt of a defendant's guilt. In *Winship,* Mr. Justice Brennan quoted *Speiser v. Randall,* 357 U.S. 513, 525-26, 78 S. Ct. 1332, 2 L.Ed.2d 1460 (1958):

> Where one party has at stake an interest of transcending value — as a criminal defendant his liberty — this margin of error is reduced as to him by the process of placing on the other party the burden of . . . persuading the factfinder at the conclusion of the trial of his guilt beyond a reasonable doubt. Due process commands that no man shall lose his liberty unless the Government has borne the burden of . . . convincing the factfinder of his guilt.

Justice Brennan added:

> Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. [397 U.S. at 364.]

Appellant contends that on the strength of the holding in *Winship,* the trial judge in every criminal case is required to give an instruction that includes the reasonable doubt standard and that the failure to so instruct amounts to plain error. Appellant also asserts, again relying on *Winship,* that a beyond a reasonable doubt instruction is the *only* means of insuring compliance with the constitutionally mandated standard. He concedes, however, that the question of proper jury instructions was not considered in the *Winship* case. Although *Winship* clearly raises the reasonable doubt standard to constitutional proportions, it does not stand for

the proposition that an *instruction* on proof beyond a reasonable doubt is mandatory; nor does it hold that the absence of the instruction is reversible error.

Appellant also relies on *Taylor v. Kentucky,* 436 U.S. 478, 98 S. Ct. 1930, 56 L.Ed.2d 468 (1978), in which the Supreme Court reversed a criminal conviction resulting from a trial in which the judge had *refused* to give a *requested* jury instruction on the presumption of innocence. However, it was because of the cumulative effect of potentially damaging circumstances peculiar to the case that the Court found that in order to safeguard the defendant's rights, an instruction as to presumption of innocence was required *where defense counsel made a timely motion.*

The *Taylor* case was further explicated by *Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979), in which the trial judge refused a requested jury instruction as to the presumption of the accused's innocence. There, the Court explained:

> While this Court in *Taylor* reversed a conviction resulting from a trial in which the judge had refused to give a requested instruction on the presumption of innocence, the Court did not there fashion a new rule of constitutional law requiring that such an instruction be given in every criminal case. Rather, the Court's opinion focused on the failure to give the instruction as it related to the overall fairness of the trial considered in its entirety. [60 L.Ed.2d at 643.]

The Court also decided:

> ... the failure to give a *requested* instruction on the presumption of innocence does not in and of itself violate the Constitution. Under *Taylor,* such a failure must be evaluated in light of the totality of the circumstances ... to determine whether the defendant received a constitutionally fair trial. [*Id.*]

As the failure to give *requested* instructions on the presumption of innocence is not *per se* violative of the Constitution, it is pellucid then that an instance where no

request whatsoever for instructions is made cannot be deemed a violation of constitutional safeguards in and of itself — assuming the record clearly indicates that the trial as a whole was a constitutionally fair one. From our careful reading of the record, we conclude that the appellant did receive a constitutionally fair trial.

Appellant in his reply brief cites *United States ex rel. Castleberry v. Sielaff,* 446 F.Supp. 451 (N.D. Ill. 1978), which found constitutional error where absent a request, there was a failure by the trial court to give a reasonable doubt-presumption of innocence instruction. *Castleberry,* which was a decision influenced by inadequacy of counsel, was decided before *Kentucky v. Whorton, supra.* Thus, the conclusion in *Castleberry* that a state court's refusal to instruct on the presumption of innocence and the state's burden of proving guilt beyond a reasonable doubt would be error of constitutional proportions is not the view held by the Supreme Court of the United States.

The appellant concedes that he failed to submit specific prayers for instructions and failed to object when no instructions were rendered by the court. The Court of Appeals addressed such a situation in *Giles v. State,* 229 Md. 370, 183 A.2d 359 (1962), *appeal dism.* 372 U.S. 767, 83 S.Ct. 1102, 10 L.Ed.2d 137 (1963), where it said:

> While Rule 756 g [2] permits this Court of its own motion to take cognizance of and correct any plain error material to the rights of the accused even though not included in the assignment of errors, we are unable to say that the failure to request an instruction or to object to the failure to give one under the circumstances in this case was such an error as this Court ought to take notice of.
>
> * * *
>
> Furthermore, even if it is assumed that the defendants had a constitutional right to have the jury instructed as to the law, it is clear that in a case

---

2. Currently Rule 757h.

such as this, where they were represented by competent and experienced counsel, even constitutional rights may be waived by not asserting them. [229 Md. at 387.]

*See also Dimeny v. State,* 274 Md. 661, 670, 338 A.2d 56 (1975), *cert. denied,* 423 U.S. 1047, 96 S. Ct. 857, 47 L.Ed.2d 84 (1976).

It is clear then that appellant waived his right to have the jury instructed as to burden of proof and cannot now complain of the absence of such instructions. It may well be that this was a decision consciously made by defense counsel for the reason of trial tactics. We obviously do not reach that question in this case.

*Judgment affirmed.*
*Costs to be paid by appellant.*