570 A.2d 1239

**In re ANTOINE H. and Clifton P.**

**No. 122, Sept. Term, 1989.**

Court of Appeals of Maryland.

March 13, 1990.

**102**

Julia D. Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for appellant.

Audrey A. Creighton, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, CHASANOW and CHARLES E. ORTH, Jr. (retired, Specially Assigned), JJ.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

### Statement of the Case

Juvenile delinquency petitions were filed in the Circuit Court for Baltimore City alleging that Clifton P. and Antoine H. had committed the crimes of harboring a fugitive, proscribed by Maryland Code (1957, 1987 Repl.Vol.), Article 27, § 268F (first count), and hindering or obstructing police officers in the performance of their duties, proscribed by the common law (second count). At a joint adjudicatory

hearing, the master, in response to "a motion of dismissal," recommended that the harboring charge be dismissed and that the obstruction charge be sustained. There were separate disposition hearings. The master who presided at the adjudicatory hearing conducted the disposition hearing as to H. She recommended that H. be found delinquent and that he be placed on conditional probation. The disposition of P. was referred to another master who had conducted an adjudicatory hearing concerning a charge that P. had committed a crime unrelated to those charged here. She recommended that P. be found delinquent and that he be committed to the Juvenile Services Agency. Both H. and P. filed exceptions to the respective recommendations, each alleging that "the adjudication of the allegations in [his] petition were erroneous." The exceptions were heard by one judge of the Circuit Court for Baltimore City but at separate hearings. In each case, the judge overruled the exceptions and approved the recommendations. Each juvenile noted an appeal to the Court of Special Appeals. We ordered, *ex mero motu*, before decision by the intermediate appellate court, that the cases be certified to us. The cases were consolidated for our review. Two questions were presented:

1. Whether the common law offense of hindering a police officer has been preempted by Maryland Code, Article 27, § 268F when applied to the facts of this case?

2. Whether the evidence was insufficient to prove that [H. and P.] hindered or obstructed a police officer?

### (1)

### *Preemption*

### (a)

### *The Crime of Hindering or Obstructing a Police Officer*

[R]esisting, hindering, or obstructing an officer of the law in the performance of his duties is an offense at common

law.[1]

*Cover v. State,* 297 Md. 398, 400, 466 A.2d 1276 (1983). For the nature of the offense, we need look no further than *Cover.* In *Cover* at 405–414, 466 A.2d 1276, Judge Rodowsky, writing for the Court, presented a comprehensive review of the cases representing the offense "in its clearest form" and thence "outwardly from the central core to the relatively unexplored regions.... " *Id.* at 405, 466 A.2d 1276. He concluded from his survey that "in general" the elements of the offense are

(1) A police officer engaged in the performance of a duty;

(2) An act, or perhaps an omission, by the accused which obstructs or hinders the officer in the perfórmance of that duty;

(3) Knowledge by the accused of facts comprising element (1); and

(4) Intent to obstruct or hinder the officer by the act or omission constituting element (2).

*Id.* at 413, 466 A.2d 1276.

(b)

*The Crime of Harboring A Fugitive*

Maryland Code (1957, 1987 Repl.Vol.), Article 27, § 268F creates the misdemeanor of harboring a fugitive:

(a) Whoever harbors any fugitive, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a felony warrant has been issued for the apprehension of that fugitive, and after notice that harboring that fugitive is a punishable offense, is guilty of a misdemeanor and shall be fined not more than $1,000 or imprisoned not more than one year, or both.

(b) Whoever knowingly harbors a fugitive who is avoiding prosecution, custody, or confinement after conviction

---

1. For the distinction between the offense of resisting arrest and the offense of hindering or obstructing a police officer in the performance of his duties, *see Busch v. State,* 289 Md. 669, 426 A.2d 954 (1981).

of a felony is guilty of a misdemeanor and shall be fined not more than $1,000 or imprisoned not more than 1 year, or both.

Subsection (c) declares that § 268F "does not apply when the warrant is for a traffic offense." Section 268E(b) defines "harbor" to include "offering a fugitive":

(1) Concealment;

(2) Lodging;

(3) Care after concealment; or

(4) Obstruction of efforts of authorities to effect arrest of the fugitive.

"However, 'harbor' does not include the failure to reveal the whereabouts of a fugitive by a person who did not participate in the efforts of the fugitive to elude arrest." *Id.* Subsection (c) of § 268E states: " 'Concealment' means hiding, secreting, or keeping out of sight." Under subsection (d) " '[f]ugitive' means any individual for whose arrest a felony warrant has been issued under Maryland law."

### (c)

### *The Law of Preemption*

*Reddick v. State,* 219 Md. 95, 98, 148 A.2d 384, *cert. denied,* 360 U.S. 930, 79 S.Ct. 1448, 3 L.Ed.2d 1544 (1959), declares: "Even where a statute has been enacted covering [the same subject as the common law] the common law offense is still applicable where the statute was not intended to cover the whole field or to repeal the common law."

### (d)

### *The Application of the Law*

■ Article 27, § 268F does not expressly displace the common law of hindering or obstructing a police officer, obviously because the statutory misdemeanor is a different offense. The readily apparent distinction between the two crimes dispels any inference that the legislature intended to replace the common law crime with a statutory one. And there is no other indication of legislative intention to

preempt. The contention that § 268F preempts the common law is plainly wrong.[2]

(2)

*Sufficiency of the Evidence to Prove the Crime of
Hindering or Obstructing a Police Officer*

(a)

*The Evidence*

The evidence is presented to us on a statement of facts agreed upon by the parties. We give a precis of the statement.

A warrant was outstanding for the arrest of one Joseph Howard. Members of the Baltimore City Police Department went to Howard's residence to execute the warrant. They did not find him on the premises, but "two girls and a young boy ran out the back door," and fled the scene. P. and one Clarence Barnes remained in the house. The next day the police officers returned to the house.

> Officer Krebs and Officer Brown positioned themselves in front of the house and Officer Carter went to the rear. They kept rapping on the door but were unable to gain entrance to the house until about 15 minutes passed by. They were finally admitted to the house....

Officer Carter, stationed at the rear of the house, also was refused entrance for 10 or 15 minutes. During that time she heard

> sounds of movement inside and the curtains moved at times, but she was unable to identify anyone specifically on that basis.

When the police were finally admitted, they saw H., P., and an adult, Calvin Foster. The officers asked whether Joseph Howard was there and all three said, "no," he "was not there at the time." Nevertheless, the officers searched the

---

**2.** The State conceded at P.'s exception hearing that it could not prove a violation of the statutory offense.

house. They found Howard in the cellar "behind some knotted pine planks." They arrested him.

H. elected not to testify. P. took the stand. He denied that either he or H. told the police that Howard was not there. He claimed that he was upstairs when the police arrived, that "he heard some knocking at the door, and that someone said, 'don't open the door.' " He admitted that he had been in the house the day before when the police arrived, but that Howard was not there at that time.

### (b)

### *The Sufficiency of the Evidence*

### (i)

### *The Standard*

Maryland Code (1973, 1989 Repl.Vol.), § 3–819(b)(1) of the Courts and Judicial Proceedings Article mandates:

> Before a child is adjudicated delinquent, the allegations in the petition that the child has committed a delinquent act must be proved beyond a reasonable doubt.

Section 3–801(k) declares:

> "Delinquent act" means an act which would be a crime if committed by an adult.

The standard for appellate review of the sufficiency of the evidence to sustain a verdict in a criminal trial, whether rendered by the court or by a jury, is whether the evidence either shows directly or supports a rational inference of the facts to be proved, from which the trier of fact could fairly [3] be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Wilson v. State,* 261 Md. 551, 563–564, 276 A.2d 214 (1971); *Royal v. State,* 236 Md. 443, 448–449, 204 A.2d 500 (1964); *Williams v. State,* 5 Md.App. 450, 459, 247 A.2d 731 (1968), *cert. denied,* 252 Md. 734 (1969). However,

---

**3.** "Fairly" in the context of the standard for sufficiency of the evidence is synonymous with "properly," "rightfully," "justifiably" and "impartially." *Wilson v. State,* 261 Md. 551, 564, 276 A.2d 214 (1971).

[w]hen an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

Md. Rule 8–131(c).

### (ii)

█ It is clear that the evidence was sufficient to prove the first element of the offense—that the police officers were engaged in the performance of a duty. It is equally clear that the evidence was insufficient to prove each and every one of the other elements.

Looking at the facts as set out in the agreed statement in the light most favorable to the State, *see, Cover*, 297 Md. at 400, 466 A.2d 1276, the extent of the acts of P. and H. was (1) the failure to open the door promptly when the police sought entrance, thereby conceivably affording Howard an opportunity to hide; (2) the lie to the police about Howard's presence on the premises; and (3) in general, the lack of cooperation with the police. These acts, viewed singly or together, do not bring P. and H. within the ambit of the crime.[4] In short, the agreed statement is deficient in that the evidence presented therein does not contain facts sufficient to support a determination by the trier of fact that P. and H. were guilty, beyond a reasonable doubt, of the crime of hindering or obstructing the police. To give but one

---

**4.** The conduct of P. and H. was not a "positive direct obstruction," nor was it a "passive direct obstruction" as those terms were defined in *Cover v. State*, 297 Md. 398, 405–406, 466 A.2d 1276 (1983). If "obstruction" at all, the conduct could only be a "positive indirect obstruction":

Those cases in which "the police are not acting directly against the citizen but are acting indirectly against other citizens who are, or may be, about to commit offences against the criminal law, and the citizen does an act which obstructs them in their general duty to prevent or detect crime, intending to frustrate the police operation."
*Id.* at 406, 466 A.2d 1276 (citation omitted).

example of the deficiency, the facts recounted in the statement are not adequate to support a finding that the police were actually hindered or obstructed by P. and H. in the attempt to arrest Howard. It is clear that the denials that Howard was on the premises did not hinder or obstruct the officers in the performance of their duty. The officers did not believe the denials. They searched the house despite the denials and found Howard. Any delay in opening the door did not, in any event, result in a failure to find and arrest him.

Under our system of the administration of criminal justice, an accused is presumed to be innocent. It is the obligation of the State to prove beyond a reasonable doubt that he is guilty. *Christensen v. State*, 274 Md. 133, 140, 333 A.2d 45 (1975); *Stanley v. State*, 43 Md.App. 651, 655–656, 406 A.2d 693, *cert. denied*, 286 Md. 753 (1979), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3021, 65 L.Ed.2d 1119 (1980). On the evidence presented to us, the State did not meet its obligation.

ORDERS OF THE CIRCUIT COURT FOR BALTIMORE CITY OVERRULING THE EXCEPTIONS OF P. AND H. AND APPROVING THE RECOMMENDATIONS OF THE MASTERS VACATED;

CASES REMANDED TO THAT COURT WITH DIRECTION TO ISSUE ORDERS IN ACCORD WITH THIS OPINION;

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.