702 A.2d 466

**In the Matter of TYREK S.**

**No. 335, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Nov. 6, 1997.

John L. Kopolow, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Celia Anderson Davis, Atty. General (J. Joseph Curran, Jr., Atty. General, Baltimore, Sandra A. O'Connor, State's Attorney for Baltimore County, Towson, on the brief), for appellee.

Argued before CATHELL, EYLER and THIEME, JJ.

EYLER, Judge.

Appellant, Tyrek S., is a juvenile who was found to have committed a delinquent act based on the unauthorized use of a vehicle. Following a hearing on restitution, appellant took exception to recommendations by a master. The Circuit Court for Baltimore County, sitting as a juvenile court, approved the recommendations of the master and overruled the exceptions. This appeal followed. We affirm.

## FACTS

On August 8, 1996, appellant and another person were passengers in a vehicle that collided with a car being driven by

Daniel Gaff. On August 9, 1996, the State filed a delinquency petition/complaint for restitution against appellant. At a hearing on September 6, 1996, a master entered a finding of delinquency against appellant for the unauthorized use and destruction of the vehicle and recommended that he be committed to the Department of Juvenile Justice for placement. The Circuit Court for Baltimore County, sitting as a juvenile court, approved the master's finding and recommendation and entered an order to that effect on the same date.

At a restitution hearing held on September 23, 1996, the State indicated that it was seeking restitution on behalf of the following entities: (1) GEICO Insurance Co., the insurer of the vehicle used without authorization; (2) Communications Construction Co. ("CCC"), the owner of the vehicle driven by Mr. Gaff; and (3) Royal Insurance Co., CCC's insurer. Appellant's counsel objected to all evidence of damages regarding the vehicle driven by Mr. Gaff on the basis that Mr. Gaff was only named as a witness on the delinquency petition, and not as a victim. The master overruled appellant's objection, and observed that Mr. Gaff, his employer, and his employer's insurance company, were victims that suffered pecuniary losses as a result of appellant's delinquent act.

Appellant testified that he was 16 years old, had an eighth grade education, had no assets, and made $42 in 1996. Based on this testimony, appellant's counsel argued that her client lacked the means to pay any restitution. Considering the age and circumstances of appellant, the master recommended that appellant make restitution in the following amounts: (1) $8,744 to GEICO; (2) $500 to CCC; and (3) $656 to Royal Insurance.

On October 11, 1996, appellant's counsel filed written exceptions to two of the master's recommendations relating to restitution and requested a hearing. At the exceptions hearing before the juvenile court on January 28, 1997, appellant's counsel raised only one exception. She argued that no restitution award should have been entered in favor of CCC and Royal Insurance because Mr. Gaff was not named in the delinquency petition as a victim. A second exception regard-

ing appellant's lack of a present ability to pay restitution was abandoned. On March 4, 1997, the juvenile court, finding that appellant's counsel had adequate time to prepare and contest the restitution awards of CCC and Royal Insurance, overruled the exceptions.

## QUESTIONS PRESENTED

Appellant presents two questions for our consideration which, as rephrased by us for clarity, are:

1. Did the juvenile court err in awarding restitution to a victim not named in a delinquency petition?

2. Did the juvenile court err in finding that appellant had the ability to pay restitution?

## STANDARD OF REVIEW

The standard of appellate review this court must apply in a juvenile delinquency matter is governed by Maryland Rule 8–131(c).[1] Absent clear error, an appellate court will not set aside the judgment of the trial court. *In re Timothy F.*, 343 Md. 371, 380, 681 A.2d 501 (1996); *In re Antoine H.*, 319 Md. 101, 107–108, 570 A.2d 1239 (1990).

## DISCUSSION

Appellant contends (1) that the juvenile court erred in ordering appellant to pay restitution to a victim not named in the delinquency petition, and (2) that he should not pay restitution because he does not have the present ability to do so. The State contends (1) that the juvenile court did not err in awarding restitution to CCC and Royal Insurance, and (2) that appellant's second issue was not properly preserved and,

---

1. Maryland Rule 8–131(c) provides:

   When an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

therefore, need not be considered by this court. We agree with the State and affirm the judgment of the juvenile court.

## I.

Preliminarily we note the following. First, appellant is not challenging his adjudication of delinquency with respect to the unauthorized use and destruction of the vehicle. Second, appellant does not raise any issue with respect to actual notice. The juvenile court noted that, on September 6, 1996, appellant's counsel was put on notice that at the restitution hearing to be held on September 23, 1996, the master would address the issue of restitution with respect to Mr. Gaff, CCC, and Royal Insurance. Furthermore, at the exceptions hearing in juvenile court, appellant's counsel conceded that, although she disagreed with the master's decision to consider awarding restitution to CCC and Royal Insurance, she had enough time to prepare an opposition with respect to that consideration. Consequently, consideration of appellant's first question is narrowly limited to whether the State followed proper pleading procedures with respect to the delinquency petition.

On August 9, 1996, the State filed a delinquency petition pursuant to section 3–810(c)(4)(ii) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.[2] The contents of a delinquency petition are governed by section 3–812(a).[3] The State alleged that appellant was a

---

2. Md.Code, Cts. & Jud.Proc. § 3–810(c)(4)(ii) (Supp.1996).

The State's Attorney shall make a preliminary review as to whether the court has jurisdiction and whether judicial action is in the best interests of the public or the child. The need for restitution may be considered as one factor in the public interest. After the preliminary review the State's Attorney shall, within 30 days of the receipt of the complaint by the State's Attorney, unless the court extends the time:
1. File a petition;
2. Refer the complaint to the Department of Juvenile Justice for informal disposition; or
3. Dismiss the complaint.

3. Md.Code, Cts. & Jud.Proc. § 3–812 (Supp.1996). Petition; general procedures.

delinquent and set forth facts relevant to the unauthorized use and destruction of the vehicle. In so doing, the State identified Benjamin Blum, the owner of the stolen vehicle, as the victim and identified Mr. Gaff as a witness to the accident.

Appellant spends a significant portion of his argument defining the word "victim." For our purposes, we focus on the definition of victim as provided by section 3–801(t)(1).[4] This provision defines victim as "a person who suffers direct or threatened physical, emotional, or financial harm as a result of a delinquent act." A straightforward application of this definition to Mr. Gaff indicates that he is a victim. In other words, it is undisputed that Mr. Gaff suffered pecuniary losses as a result of appellant's delinquent act.

Before addressing the pleading issue specifically, we note that, according to Md.Code, art. 27, section 808(a)(1)(i), the juvenile court has the statutory authority to enter a judgment against a child that has: (1) committed a delinquent act; and (2) the act has resulted in the destruction of another person's property.[5] This Court has explained that:

> [T]hree findings ... are required to support a restitution judgment: (1) that the child committed a delinquent act; (2)

---

(a) Allegations generally.—A petition shall allege that a child is either delinquent, or in need of assistance, or in need of supervision. If it alleges delinquency, it shall set forth in clear and simple language the alleged facts which constitute the delinquency, and shall also specify the laws allegedly violated by the child. If it alleges that the child is in need of assistance or in need of supervision, the petition shall set forth in clear and simple language the alleged facts supporting that allegation.

Sections 3–810 and 3–812 of the Cts. & Jud.Proc. art. of the Maryland Code were amended, effective October 1, 1997. The amendments do not specifically address the issue raised herein.

4. Md.Code, Cts. & Jud.Proc. § 3–801(t)(1) (Supp.1996).

5. Md.Ann.Code art. 27, § 808(a)(1)(i) (1996)

(a) In general.—(1) The juvenile court may enter a judgment of restitution against the parent of a child, the child, or both in any case in which the court finds a child has committed a delinquent act and during or as a result of the commission of that delinquent act has: (i) Stolen, damaged, destroyed, converted, unlawfully obtained, or substantially decreased the value of the property of another.

that the child damaged, destroyed, or decreased the value of another's property; and (3) that such damage, destruction, or diminution in value caused by the child occurred during or as a result of the delinquent act.

*In re Daniel S.*, 103 Md.App. 282, 291, 653 A.2d 512 (1995) (quoting *In re Jason W.*, 94 Md.App. 731, 736–737, 619 A.2d 163 (1993)). These findings were made with respect to appellant and are unchallenged.

In the instant case, appellant's delinquent act resulted in the destruction of Mr. Blum's vehicle and also damaged the vehicle Mr. Gaff was driving. Thus, it was within the juvenile court's power to enter a judgment against appellant for the losses caused by his delinquent act. Moreover, pursuant to section 808(a)(2), it is within the juvenile court's jurisdiction to order a child to make restitution to a victim or a third party payor.[6] Hence, it was proper for the juvenile court to award damages based on either Mr. Gaff's status as a victim, or on CCC's and Royal Insurance's status as third party payors.

Lastly, other relevant provisions of section 808 were complied with because: (1) a restitution hearing was held after appellant was adjudicated a delinquent[7]; and (2) the judgment entered against appellant did not exceed the statutory maximum of $10,000.[8] The juvenile court entered a judgment against appellant in the amount recommended by the master.

---

6.  Md.Ann.Code art. 27, § 808(a)(2) (1996)
    (2) The juvenile court may order the parent of a child, a child, or both to make restitution to:
       (i) The victim;
       (ii) Any governmental entity, including the Criminal Injuries Compensation Board; or
       (iii) A third party payor, including an insurer, that has made payment to the victim to compensate the victim for a property loss under paragraph (1)(i) of this subsection or pecuniary loss under paragraph (1)(ii) of this subsection.
    Sections 807 and 808 of article 27 of the Maryland Code were amended, effective October 1, 1997. The amendments do not specifically address the issue raised herein.

7.  Md.Ann.Code art. 27, § 808(d) (1996).

8.  Md.Ann.Code art. 27, § 808(c)(2) (1996).

The aggregate total of the restitution awards to GEICO, CCC, and Royal Insurance equaled $9,900.

Although there are no cases on point with respect to the pleading issue, section 3–812 requires that the petition set forth the "facts which constitute the delinquency" and specify the laws allegedly violated. This section requires that the existence, although not necessarily the identity, of one or more victims be alleged if such information is necessary to allege a delinquent act or acts. The requirement was met in this case. There was one delinquent act with multiple victims as distinguished from several delinquent acts when the existence of different victims may have to be identified to allege each act and violation of law. When there is one delinquent act, and one violation of law, the identity of any victim or the existence of all victims need not be alleged in the petition. We, therefore, hold that the juvenile court did not err in ordering that restitution be paid on behalf of Mr. Gaff to CCC and Royal Insurance.

## II.

■ On October 11, 1996, appellant's counsel filed written exceptions to the master's recommendation that appellant pay restitution to GEICO, CCC, and Royal Insurance. At the exceptions hearing on January 28, 1997, however, appellant failed to raise the issue of appellant's inability to pay restitution.[9] As a result, when the juvenile court issued its order on March 4, 1997, it did not address this issue. Generally, an appellate court "will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court." Rule 8–131(a). *See Brecker v. State,* 304 Md. 36, 40, 497 A.2d 479 (1985) (failure to object to absence of inquiry regarding defendant's ability to pay restitu-

---

9. Prior to the amendments of October 1, 1997, the juvenile court had to consider the "age and circumstances" of the child prior to entering an order for restitution. Now, the test that the juvenile court must apply focuses on the child's "ability to pay." *See* Md.Ann.Code art. 27, § 807(a)(4) (1997 Supp.).

tion is waiver). Consequently, we find a waiver of appellant's second question and do not reach its merits.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.