720 A.2d 306

**In the Matter of Tyrek S.**

**No. 1, Sept. Term, 1998.**

Court of Appeals of Maryland.

Nov. 17, 1998.

John L. Kopolow, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Petitioner.

Celia Anderson, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and ROBERT L. KARWACKI, Judge (Retired, Specially Assigned).

RODOWSKY, Judge.

In this juvenile cause we granted the juvenile's petition for certiorari which contains the following two questions:

"1.   Does a juvenile court lack authority to award restitution to a person who is not identified as a victim in the juvenile delinquency petition?

"2.   Did the juvenile court err by imposing restitution where there was neither a showing by the State nor a finding by the master that Petitioner had the ability to pay restitution?"

The Court of Special Appeals answered the first question in the negative and concluded that the second issue had not been preserved.  *In re Tyrek S.*, 118 Md.App. 270, 702 A.2d 466 (1997).  We shall affirm for the reasons given by the Court of Special Appeals.

In August 1996 the State filed a "Delinquency Petition and Complaint for Restitution" in the Circuit Court for Baltimore County, sitting as a Juvenile Court, alleging that Tyrek S., aged 14, was a delinquent child.  The State alleged that Tyrek S. had committed twelve delinquent acts, all involving or connected with the taking, on August 6, 1996, and asportation of a motor vehicle owned by a Benjamin Blum.

The petition/complaint further alleged "[t]hat as a direct result of the aforegoing alleged delinquent act(s), the victim

herein has sustained a pecuniary loss in an amount to be determined not to exceed ten thousand dollars ($10,000.00) per act." Only Benjamin Blum, the owner of the vehicle, was identified in the charges. No other person was described as a victim. Additionally, the petition/complaint listed as witnesses Benjamin Blum, three police officers, and one Daniel Gaff, who is described, *infra.*

The adjudicatory hearing was held before a master who found the following facts:

"Based on a statement of facts it was found that on August 6, 1996 at 3:15 p.m. Benjamin Blum parked his 1996 Volvo at the YMCA in Towson. The car was stolen. On August 8, 1996 at 6:45 a.m. the vehicle was involved in an accident on Greenspring Avenue. Daniel Gaff was driving his car when the Volvo struck his car. Respondents[, Tyrek S. and another juvenile,] were identified as two of the passengers in the Volvo. The respondent did not have permission to be in or use Mr. Blum's car.

"Count 2 was sustained and the remaining counts were nol prossed. A finding of delinquency was entered and the respondent was committed to the Department of Juvenile Justice for placement. Placement in the Enhanced Program was recommended. The respondent is to pay $50.00 to Benjamin Blum. A further hearing for restitution will be held on September 23, 1996."

Count 2 charged that Tyrek S. "did wilfully and without consent take and carry away a 1996 Volvo 850 with the intent to temporarily deprive Benjamin Blum of the use and possession of said property, in violation of Article 27, Section 349." [1]

---

**1.** Maryland Code (1957, 1992 Repl.Vol., 1995 Cum.Supp.), Art. 27, § 349 (Unauthorized use of livestock, boat, or vehicle) provides in pertinent part:

"Any person or persons, his or their aiders or abettors who ... take and carry away out of the custody or use of any person or persons, body corporate or politic, or his or their agents, any of the above-enumerated property [here, 'any other vehicle including motor vehicle'] at whatsoever place the same may be found, shall upon conviction thereof in any of the courts of this State having criminal

The nol prossed counts are set forth in the margin.[2] Upon receipt of the master's report the circuit court committed

jurisdiction be adjudged guilty of a misdemeanor, and shall restore the property so taken and carried away, or, if unable so to do, shall pay to the owner or owners the full value thereof...."

2. The nol prossed counts are:

"1. That the respondent unlawfully did steal 1996 Volvo 850 being the property of Benjamin Blum having a value of greater than $300 in violation of Article 27, Section 342.

. . . .

"3. That the respondent did unlawfully, knowingly and willfully take out of Benjamin Blum's lawful custody, control and use a motor vehicle, to wit: 1996 Volvo 850, serial or license number YV1L58558T1295947 without the consent of Benjamin Blum, in violation of Article 27, Section 342A.

"4. That the respondent unlawfully did willfully injure and destroy the property of Benjamin Blum, located at 600 Chesapeake Avenue, to wit: vehicle damage in violation of Article 27, Section 111.

"5. That the respondent unlawfully did steal various property being the property of Benjamin Blum having a value of greater than $300 in violation of Article 27, Section 342.

"6. That the respondent unlawfully did steal various property being the property of Benjamin Blum having a value of less than $300 in violation of Article 27, Section 342.

"7. That the respondent unlawfully did drive a vehicle on a highway at a speed that, with regard to the actual and potential dangers existing, is more than that which is reasonable and prudent under the conditions in violation of Transportation Article 21–801(a).

"8. That the respondent unlawfully did operate a motor vehicle by failing to control speed and avoiding a collision in violation of Transportation Article 21–801.1.

"9. That the respondent unlawfully did fail to remain at the scene of a bodily injury accident in violation of Transportation Article 20–102.

"10. That the respondent unlawfully did fail to remain at the scene of a property damage accident in violation of Transportation Article 20–103.

"11. That the respondent, involved in an accident causing bodily injury or death of any person or in damage to an attended vehicle or other attended property, did fail to render reasonable assistance or to give/leave information in violation of Transportation Article 20–104.

"12. That the respondent did knowingly, with intent to deceive, make a false statement to Officer Tice concerning his/her identity, address or date of birth in violation of Article 27, Section 150."

Tyrek S. to the custody of the Department of Juvenile Justice for placement.

The evidence before the master at the restitution hearing showed that Geico Insurance Company was the first party insurer against property damage to Benjamin Blum's Volvo, that the vehicle operated by Daniel Gaff was owned by his employer, Communications Construction Company, and that the first party insurer against property damage to the latter vehicle was Royal Insurance Company.

At the restitution hearing counsel for Tyrek S. took the position "that Mr. Gaff is not a victim in this case because . . . he was not mentioned in the petition." Also at that hearing Tyrek S. testified that he has an eighth grade education, that he has no assets, and that he had earned a total of $42 from a job that he had had at a church.

The master found the facts and proposed the order set forth below.

"Based on the testimony of the representative from Geico Insurance, the company paid out, as a result of the damage done to the Volvo owned by Benjamin Blum, its insured, the sum of $26,321.00. The salvage value of the car is $5,000.00. A witness, an employee of Communications Construction Company, advised that as a result of the accident, it paid a $1,000.00 deductible.

". . . The respondent is to pay $8,744.00 to Geico Insurance, $500.00 to Communications Construction Company and $656.00 to Royal Insurance Company."[3]

Tyrek S. excepted to the master's report. Specifically:

---

3. The transcript of the adjudicatory hearing in the instant matter is not part of the original record transmitted from the circuit court, because that transcript was not required to decide the issues raised before the Court of Special Appeals. The circuit court clerk's file reflects that two petitions/complaints were filed in the same case, one against Tyrek S. and the other against another juvenile. These two may or may not have been all of the occupants of the Volvo at the time of the collision. It appears that the master recommended that restitution to Geico Insurance Co. be ordered from Tyrek S. for one-half of the after-salvage

"5. Counsel excepts to the Master's award of restitution to Communications Construction Company and Royal Insurance Company on behalf of Daniel Gaff. Mr. Gaff was not a named party in the Petition. . . .

"6. Counsel also excepts to the Master's order that respondent pay $8,744.00 to Geico Insurance Company, $500.00 to Communications Construction Company and $656.00 to Royal Insurance Company. Considering Respondent's age and his circumstances, Counsel submits that Respondent lacks the ability to make restitution in this case."

When the exceptions came on for hearing before the judge, counsel for Tyrek S. argued only the exception that was based on Mr. Gaff's not being named in the petition/complaint; the exception based on present inability to pay restitution was not argued.

At the exceptions hearing counsel for Tyrek S., under questioning from the court, acknowledged that, based on a conversation with the master at the adjudicatory hearing, she was "on notice" and "made aware" that restitution for the damage to the vehicle operated by Mr. Gaff would be considered at the restitution hearing. After taking the matter under advisement, the circuit court ruled from the bench that there was no requirement that a complaint for restitution be filed by the State, that the court had authority to award restitution, and that Tyrek S. had had the opportunity to present evidence on the issue of restitution. Judgment was entered on March 4, 1997, by docket entry noting "[e]xceptions overruled."

Tyrek S. appealed to the Court of Special Appeals, which affirmed. *In re Tyrek S.*, 118 Md.App. 270, 702 A.2d 466 (1997). Thereafter, Tyrek S. timely filed with this Court a

damage to Benjamin Blum's car because at least two juveniles were involved.

The record does not show who was driving the Volvo at the time of the collision. In exceptions to the master's report and recommendation concerning restitution, and at the exception hearing, counsel for Tyrek S. stated that Tyrek S. was a passenger in the Volvo.

petition for certiorari containing the questions quoted in the first paragraph of this opinion.

I

At the time of the events in the matter now before us, authorization for restitution orders in juvenile causes was found in Md.Code (1974, 1995 Repl.Vol.), § 3–829 of the Courts and Judicial Proceedings Article (CJ),[4] the relevant portions of which read as follows:

" § 3–829. **Liability for acts of child.**

"(a) *In general.*—(1) The court may enter a judgment of restitution against the parent of a child, the child, or both in any case in which the court finds a child has committed a delinquent act and during or as a result of the commission of that delinquent act has:

"(i) Stolen, damaged, destroyed, converted, unlawfully obtained, or substantially decreased the value of the property of another. . . .

. . . .

"(2) The court may order the parent of a child, a child, or both to make restitution to:

"(i) The victim;

"(ii) Any governmental entity, including the Criminal Injuries Compensation Board; or

"(iii) A third party payor, including an insurer, that has made payment to the victim to compensate the victim for a property loss under paragraph (1)(i) of this subsection. . . .

---

4. In 1996, Md.Code (1974, 1995 Repl.Vol.), CJ § 3–829 (Liability for acts of child) was transferred to Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 808 (Liability for acts of child). The transfer was effective October 1, 1996, after the occurrence of the events in this case. No substantive changes were intended. 1996 Md. Laws ch. 585, §§ 7, 17, 19 ("Crime Victims and Witnesses—Nonsubstantive Reorganization of Laws"). In 1997, the provisions of then Art. 27, § 808 were repealed and substantively addressed in Md.Code (1957, 1996 Repl.Vol., 1998 Cum.Supp.), Art. 27, § 807 (Restitution for crimes), effective October 1, 1997. 1997 Md. Laws chs. 311, 312, §§ 1, 2 ("Victims' Rights Act of 1997").

"(3) (i) Restitution payments to the victim have priority over restitution payments to a third party payor.

"(ii) If the victim has been compensated for the victim's loss by a third party payor, the court may order restitution payments to the third party payor in the amount that the third party payor compensated the victim."

CJ § 3–829 formed part of CJ Title 3, Subtitle 8, "Juvenile Causes." "Victim" is a defined term for purposes of Subtitle 8, "unless the context of [its] use indicates otherwise." CJ § 3–801(a). " 'Victim' means a person who suffers direct or threatened physical, emotional, or financial harm as a result of a delinquent act." CJ § 3–801(t)(1).

Tyrek S. notes that the Court of Special Appeals qualified Mr. Gaff as a victim under the CJ § 3–801(t)(1) definition, but argues that relying solely on this definition does not "consider the broader statutory context or the purposes of the Juvenile Causes Subtitle." His submission is that "victim" as used in CJ § 3–829 "refers to those persons who meet the § 3–801(t) definition and, according to the allegations in the Delinquency Petition/Complaint for Restitution, sustained property damage as a result of the delinquent act." Accordingly, Communications Construction Co. and Royal Insurance Co. did not meet the second prong of the test which he asks this Court to recognize.

Tyrek S. traces crime victims' increasing participation throughout the 1980s in the State's decision whether to file a delinquency petition. Asserting that the victim plays a "central role" in the delinquency petition process, he contends that the Juvenile Causes subtitle contemplates "a victim who has made his allegations, including his need for restitution, known to the intake officer and the State's Attorney and, consequently, has been identified in the Petition/Complaint as an individual who sustained pecuniary loss as a result of the alleged delinquent act and is seeking restitution." To buttress his assertion Tyrek S. points to the "clear and simple language" pleading requirement for juvenile causes petitions found in CJ § 3–812(a), concluding that "the interests of orderly procedure

and rehabilitation of the juvenile are best advanced by limiting restitution to those individuals who are identified as victims in the Petition/Complaint."

In response the State notes that existing statutes and rules do not require that each person entitled to restitution be identified previously in the delinquency petition, and the State submits that such a requirement would be impractical.

Tyrek S. does not predicate his argument on procedural due process and, indeed, he could not, inasmuch as his counsel acknowledged notice that the claim for restitution for damage to the vehicle driven by Mr. Gaff would be made, with the opportunity to prepare a defense, if any. The point that Tyrek S. makes is solely one of pleading.

There are no requirements in the statutes or Maryland Rules of Procedure dealing with juvenile causes that require that the victim of a delinquent act be identified in the petition in order for the court to order restitution to that victim or its subrogee. Further, Tyrek S.'s argument based on policy and on the role of the victim in the juvenile causes system conflicts with the plain language of CJ § 3–829, the foundation for orders of restitution. CJ § 3–829(a)(2)(iii) and (3)(i) specifically authorize a court to order restitution to a third party payor which has compensated the victim. On the arrest of juveniles for delinquent acts involving damage to property, the identity of the first party property damage insurer of the victim would not be known, and the General Assembly could not have intended that these third party payors be identified in the petition. Further, the third party payor is entitled to restitution only after having compensated the victim for the latter's loss, an event that likely would not occur until after the juvenile petition has been filed. Restitution by Tyrek S. to Royal Insurance Co. in the amount of $656.00 could be ordered without any foundation in the petition identifying Royal Insurance Co. as a party entitled to reimbursement. Consequently, there is no general requirement inherent in the juvenile causes subtitle that the pleadings identify all of those to whom restitution might be ordered. Absent the pleading

requirement for which Tyrek S. contends, Communications Construction Co. need not be identified as a victim in the petition in order for the court to order Tyrek S. to make restitution of one-half of that company's $1,000 deductible under its first party property damage insurance coverage.

## II

At the time of the events with which we are concerned in this matter, CJ § 3–829(b) provided: "Considering the age and circumstances of a child, the court may order the child to make restitution to the wronged person personally."

Tyrek S. argued before the master that the facts showed that he did not have the then present ability to pay the restitution that was ordered, but the master took the position that the potential ability to pay was sufficient, stating, "That he is not employed today and is committed to the Department of Juvenile Justice today does not mean that [he] will not have the ability to become employed and earn money and pay the restitution that he owes."

When the matter came before the circuit court judge on exceptions to the master's recommendation, counsel for Tyrek S. told the court:

> "I believe that the only issue, issue in this court in the case for review is whether or not an order of restitution in favor of Communications Construction Company and Royal Insurance Company was appropriate in this case where the State's Attorney never filed a petition for restitution on behalf of [Daniel] Gaff."

Consequently, in overruling the exceptions, the Circuit Court for Baltimore County never was asked to focus on present versus potential ability to pay, and did not do so. Because the issue did not "plainly appear[ ] by the record to have been raised in or decided by the trial court," Maryland Rule 8–131(a), the Court of Special Appeals found that Tyrek S. had waived the question, and that court did not reach its merits. *In re Tyrek S.*, 118 Md.App. at 277–78, 702 A.2d at 470.

■  In his brief to us Tyrek S. does not contend that the Court of Special Appeals erred in holding that the issue had not been preserved.  Nor does Tyrek S. contend that the Court of Special Appeals abused its discretion by declining to consider the merits of his contention despite the lack of preservation.  The decision of the Court of Special Appeals, however, to apply the ordinary rule requiring preservation does not completely preclude this Court from considering the merits of the issue.  *See State v. Bell,* 334 Md. 178, 188, 638 A.2d 107, 113 (1994).

Tyrek S. rests his argument in this Court exclusively on *In re Don Mc.,* 344 Md. 194, 686 A.2d 269 (1996), and concludes that the circuit court abused its discretion in overruling the exceptions to the master's recommended restitution order.  In *In re Don Mc.,* a case involving CJ § 3–829(b), we did exercise our discretion to consider the merits, despite non-preservation.  There the juvenile and his mother were ordered to pay $4,800 in restitution to an insurer which had paid $8,366.25 to its insured for damage caused by the juvenile to the insured's motor vehicle.  We excused non-preservation in order to give guidance to the trial court.  *Id.* at 200, 686 A.2d at 272.  In that case, based on the record as a whole, we concluded that "the master predetermined that the appropriate award was the statutory maximum, and he arrived at this conclusion without any consideration of the age and circumstances of the child." *Id.* at 203, 686 A.2d at 273.[5]  In the matter now before us the master construed CJ § 3–829(b) to include the potential for payment of the restitution in the future, an issue that we did not directly address in *In re Don Mc.*

---

5.  Among the facts in the record was the master's explanation for rejecting one of the arguments on behalf of the juvenile.  The master stated:

> " '[I]t just seems to me to be patently unfair that people like [the juvenile] go out and steal these cars and total them, and my insurance rates along with all these other drivers in here are going up because the carrier is paying out all this money.' "

*In re Don Mc.,* 344 Md. at 199, 686 A.2d at 271.

■ We will not excuse the waiver in the instant matter. *In re Don Mc.* was governed by CJ § 3–829 and was decided at a time when the provisions of that statute, without substantive change, had been recodified as Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 808. Former Article 27, § 808 has since been amended by Chapters 311 and 312 of the Acts of 1997, enacting Md.Code (1957, 1996 Repl.Vol., 1998 Cum.Supp.), Art. 27, § 807, "Restitution for crimes." An opinion giving guidance for the second time on former CJ § 3–829(b) would have no prospective public importance. Consequently, the instant matter is not an appropriate vehicle for opining on an unpreserved issue.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONER, TYREK S.**